UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                                          Bankruptcy No. 04-31716
                                                                                                Chapter 12
William A. Huckell and
Denise A. Huckell,

               Debtors.
_____/

**MEMORANDUM AND ORDER**

      This case is before the Court to consider confirmation of the Second Amended Chapter 12 Plan of Debtors William A. Huckell and Denise A. Huckell filed October 3, 2005. The United States of America, acting through the Farm Service Agency (FSA), objects to confirmation on multiple grounds including the plan's failure to meet the requirements of 11 U.S.C. § 1225(a)(5) and (6). A hearing was held on November 17, 2005.

Findings of Fact

      The Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 29, 2004. On November 18, 2004, the Debtors moved to convert their Chapter 13 case to a case under Chapter 12. The Court granted the Debtors' motion, and the Debtors filed a proposed Chapter 12 plan on April 5, 2005. The United States, on behalf of FSA and the Internal Revenue Service, objected to the proposed Chapter 12 plan. On June 21, 2005, the Debtors filed an Amended Chapter 12 plan, to which the United States also objected but only on behalf of FSA. The Debtors filed their Second Amended plan on October 3, 2005, and the United States again objected on behalf of FSA. Sargent County Bank likewise objected to the Second Amended plan, but at the hearing on the matter it informed the Court that an addendum to the Second Amended Plan would be filed that would resolve its objection. The Chapter 12 trustee also objected to the Second

Amended Plan, but withdrew his objection at the hearing. Thus, the only remaining objecting party is FSA.[1]

The Debtors farm 540 contiguous acres of land. Sargent County Bank holds a first mortgage against 240 acres of the Debtors' land consisting of the 18-acre homestead and 218 acres of tillable land enrolled in the Conservation Reserve Program (CRP).[2] FSA holds a second mortgage on the 240 acres and also holds a first mortgage on another 280 acres of the Debtors' land. The 280 acres on which the FSA holds a first mortgage consist of 70 acres enrolled in CRP, 10 acres of crop land, and 200 acres of pasture.

The Second Amended Plan proposes to divide the 280-acre tract on which FSA holds a first mortgage in an irregular manner and to sell parts of it, including the CRP acreage and the 10 acres of crop land, for $70,000. The Second Amended Plan provides that the Debtors will pay FSA $70,000 within 10 days following entry of an order confirming the sale, and upon receipt of this payment, "FSA shall release its lien in the 80 acres of land."

Stewart Stenseth, a certified licensed appraiser, appraised the Debtors' farm in November 2004 and valued the Debtors' property at $318,000. He opined that the proposed sale is atypical because property is generally sold in quarter or half sections, and that the proposed sale would decrease the value of the remaining parcels approximately 40% because of their odd shapes and accessibility problems.

---

[1] The addendum to the plan that resolves Sargent County Bank's objection has not yet been filed with the Court.

[2] The character of the remaining four acres on which Sargent County Bank holds a first mortgage was not made clear at the hearing.

2

Jay Johnson, a farm loan manager for FSA, testified that FSA does not consent to the proposed sale because it would adversely affect the value of FSA's remaining security.

## Conclusions of Law

Section 1225 sets forth the requirements for confirmation of a Chapter 12 plan, and debtors must establish all six elements essential for confirmation of a plan. 11 U.S.C. § 1225; <u>Michels v. Maynard Sav. Bank</u> (<u>In re Michels</u>), 305 B.R. 868, 871 (B.A.P. 8th Cir. 2004). FSA challenges the treatment of its secured claim under section 1225(a)(5) and the overall feasibility of the Second Amended Plan under section 1225(a)(6).

Section 1225(a)(5)(B) requires that, in cases like this, where a secured creditor objects to the terms of the plan and the debtor is not surrendering the property subject to the security interest to the creditor, the plan must satisfy two requirements: 1) under section 1225(a)(5)(B)(i), the plan must provide that the creditor "retain *the* lien securing such claim" (emphasis added), and 2) under section 1225(a)(5)(B)(ii), the plan must provide that the secured creditor receive property having a present value not less than the allowed amount of the claim. Section 1225(a)(5)(B) is commonly known as a "cramdown" provision because it allows for confirmation of the debtor's plan over a secured creditor's objection, effectively forcing the creditor to continue a lending relationship even if the secured creditor would prefer to repossess and liquidate the property as it would be entitled to do in the absence of a bankruptcy filing, and it allows the debtor to retain possession of the property in which the secured creditor has an interest.

The issue here is whether the Debtors' Second Amended Plan's treatment of FSA's claim satisfies section 1225(a)(5)(B). The Debtors argue FSA can be forced to accept a cash payment in exchange for the release of its lien on the 80 acres because the sale is for fair market value and FSA

will remain fully secured after the sale.  FSA argues that the Second Amended Plan does not sufficiently provide for the retention of its lien under section 1225(a)(5)(B)(i).

The Court need not look past the plain language of § 1225(a)(5)(B)(i) to conclude that the Debtors have failed to meet the burden placed on them.  The Second Amended Plan proposes that "FSA shall release its lien in the 80 acres of land."  Although FSA would retain *a* lien in the Debtors' remaining property, it would not retain *the* lien that it currently holds because the extent and quality of its lien would be substantially compromised.  The Court's strict construction of the Chapter 12 cramdown provision is supported by several bankruptcy court decisions that applied the section literally in denying confirmation.  See Citizens State Bank v. Hanna (In re Hanna), 912 F.2d 945, 949 (8th Cir. 1990) (listing cases).  As a mandatory requirement of the confirmation process, this failure requires that confirmation be denied.  United States v. Krause (In re Krause), 261 B.R. 218, 222 (B.A.P. 8th Cir. 2001).  The Court therefore will not reach the issue of feasibility of the plan.

Based on the foregoing, confirmation of the Debtors' Second Amended Chapter 12 Plan filed October 3, 2005 is DENIED.

**SO ORDERED.**

Dated this January 4, 2006.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**

4